JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Moore, Claude

### DEFENDANTS
Exide Technologies, Inc.

**(b)** County of Residence of First Listed Plaintiff: Berks County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Fulton County, GA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott B. Cooper
Schmidt Kramer PC
209 State Street
Harrisburg, PA 17101
(717) 232-6300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [X] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Negligent loading.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 8/10/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA   **18   3445**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __737 N. Front Street, Reading, PA 19601__

Address of Defendant: __13000 Deerfield Parkway, Building 200, Milton, GA 30004__

Place of Accident, Incident or Transaction: __829 Paramount Avenue, Lampeter, PA 17537__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __8/10/18__   __/s/__ Attorney-at-Law / Pro Se Plaintiff   __70242__ Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases *(Please specify)* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☑ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury *(Please specify):* __Negligent loading__
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases *(Please specify)* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Scott B. Cooper__, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE __8/10/18__   __/s/__ Attorney-at-Law / Pro Se Plaintiff   __70242__ Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

AUG 14 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Claude Moore | : | CIVIL ACTION |
| v. | : | |
| Exide Technologies, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 8/10/18 | [signature] | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (717) 232-6300 | (717) 232-6467 | scooper@schmidtkramer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDE MOORE | : CIVIL ACTION – LAW |
| PLAINTIFF | : |
| v. | : No. |
| EXIDE TECHNOLOGIES, INC. | : |
| DEFENDANT | : JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, comes Plaintiff Claude Moore, by and through his attorney, Schmidt Kramer PC, and avers the following:

## PARTIES

1. Plaintiff Claude Moore is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 737 N. Front Street, Reading, Berks County, Pennsylvania 19601.

2. Defendant Exide Technologies, Inc. (hereinafter referred to as "Defendant Exide") is a business corporation incorporated in the state of Delaware with a registered business address of 13000 Deerfield Parkway, Building 200, Fulton County, Georgia 30004.

## ALLEGATIONS OF JURISDICTION AND VENUE

3. Jurisdiction in this matter is based upon diversity of citizenship in accordance with 28 U.S.C. § 1332.

4. Plaintiff Claude Moore is seeking damages in excess of $150,000.00, exclusive of interest, costs, and attorney fees.

5. Plaintiff Claude Moore is a resident of Pennsylvania; Defendant Exide is a resident Delaware with a registered business address of 13000 Deerfield Parkway, Building 200, Fulton County, Georgia 30004.

6. The accident in question took place in Lancaster County, Pennsylvania.

7. Venue is proper under 28 U.S.C. §1391(a).

## OPERATIVE FACTS

8. The facts and occurrences hereinafter related took place on or about September 26, 2016.

9. Plaintiff Claude Moore was the owner and operator of a tractor-trailer that was being used to transport a load from Defendant Exide's Lampeter, Pennsylvania facility to its Salina, Kansas facility.

10. Defendant Exide's employees loaded Plaintiff Claude Moore's tractor-trailer for transport by double stacking pallets into the rear of the trailer and then failed to secure them.

11. Defendant Exide prevented Plaintiff Claude Moore from leaving the cab of his tractor-trailer and did not give him an opportunity to inspect the load prior to Plaintiff Claude Moore beginning transport.

12. Plaintiff Claude Moore traveled with the load to its intended delivery destination in Salina, Kansas and completed the delivery on September 29, 2016 at the Exide Technologies facility at 413 E. Berg Road, Salina, Kansas 67401 at approximately 10:00 a.m.; he began to unload his tractor-trailer at approximately 11:00 a.m.

13. At that time and place, Plaintiff Claude Moore opened his trailer doors to prepare to back load up onto the loading docks, and in doing so, several large pallets that had been double-stacked fell out of the trailer, knocking him to the ground and pinning him underneath the pallets.

14. The incident at issue was initiated and factually caused by the negligence of Defendant Exide, consisting of the following:

    a. Failure to exercise due care to protect property and persons from risk of harm;

    b. Failure to exercise reasonable care in securing the cargo being transported by Plaintiff Claude Moore;

    c. Failure to ensure the cargo being transported was loaded safely;

    d. Failure to provide its employees with detailed training and instructions on how to properly load and secure cargo into the trailer prior to transport; and

  e. Failure to provide Plaintiff Claude Moore an opportunity to inspect the cargo once it had been loaded to ensure it was properly secured and to discover any latent and concealed defects.

15. As a result of Defendant Exide's foregoing failures, the load shifted, became unstable, or otherwise became dangerous for any person who might encounter it.

16. As a result of its failure to properly secure the load in Plaintiff Claude Moore's trailer, Defendant Exide created a dangerous and hazardous condition that posed a danger to others.

17. Defendant Exide knew, or should have known, that its creation of this dangerous or hazardous condition posed a danger to individuals likely to encounter it.

18. Plaintiff Claude Moore was an individual who Defendant Exide should have expected to be exposed to the condition created through its negligence and failure to exercise due care.

19. The danger to Plaintiff Claude Moore was not readily observable to him, and he had no notice or warning of the dangerous nature of same.

20. Despite Plaintiff Claude Moore's exercise of due care and caution, the hazardous condition created by Defendant Exide resulted in the loaded pallets shifting during transport, then falling from the trailer causing serious and permanent bodily harm to Plaintiff Claude Moore.

21. As a result of the negligence and failure to exercise due care in loading the pallets into Plaintiff Claude Moore's trailer, the pallets fell out of the trailer when the doors were open, causing injuries to Plaintiff Claude Moore that include, but are not limited to:

    a. Lower back pain;
    b. Neck pain;
    c. Headaches;
    d. Abdominal pain, including internal bruising to stomach;
    e. Right ankle fracture;
    f. Right knee pain; and
    g. Right arm pain.

22. As a direct and proximate result of this incident, Plaintiff Claude Moore has been advised, and therefore avers, that he has suffered injuries that are or were serious and may be permanent in nature and effect, and claim is made therefor.

23. By reason of the injuries he sustained in this incident, Plaintiff Claude Moore has incurred liability for medical treatments, medications, and similar expenses in an effort to restore himself to health, and claim is made therefor.

24. Because of the nature of his injures, Plaintiff Claude Moore has been advised, and therefore avers, he may be forced to incur similar expenses in the future, and claim is made therefor.

25. As a result of the aforementioned injuries, Plaintiff Claude Moore has undergone, and in the future will undergo, great physical and mental suffering,

great inconvenience in carrying out his daily activities, loss of life's pleasures and enjoyment, and claim is made therefor.

26. Plaintiff Claude Moore continues to be plagued by persistent pain and limitations, and therefore avers his injuries may be of a permanent nature, causing residual problems for the remainder of his lifetime, and claim is made therefor.

27. As a direct and proximate result of this incident, Plaintiff Claude Moore has suffered serious impairment of his daily functions, including the ability to perform his normal activities, and claim is made therefor.

28. As a result of the aforementioned injuries, Plaintiff Claude Moore has sustained uncompensated work loss, and claim is made therefor.

29. As a result of the aforementioned injuries, Plaintiff Claude Moore may sustain work loss, loss of opportunity, and permanent diminution of his earning power and capacity, and claim is made therefor.

WHEREFORE, Plaintiff Claude Moore respectfully requests Your Honorable Court grant judgment in his favor and against Defendant Exide Technologies, Inc. in an amount in excess of $150,000.00, exclusive of interest and costs, and in excess of any jurisdictional amount requiring compulsory arbitration.

Respectfully submitted,

**SCHMIDT KRAMER PC**

By: _____
Scott B. Cooper, Esquire
I.D. No. 70242
209 State Street
Harrisburg, Pa 17101
(717) 232-6300
(717) 232-6467 Fax
scooper@schmidtkramer.com
Attorney for Plaintiff

Date: 8/10/18

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,

**SCHMIDT KRAMER PC**

By: _____

Scott B. Cooper, Esquire
I.D. No. 70242
209 State Street
Harrisburg, Pa 17101
(717) 232-6300
(717) 232-6467 Fax
scooper@schmidtkramer.com
Attorney for Plaintiff

Date: 8/10/18